**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NORTH AMERICAN SPECIALTY INSURANCE COMPANY and NORTH AMERICAN CAPACITY INSURANCE COMPANY,

Plaintiffs,

vs.

NATIONAL FIRE & MARINE INSURANCE COMPANY,

Defendant.

Case No.: 2:10-cv-01859-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss Plaintiffs' Complaint, or in the Alternative to Sever and Transfer Certain of Plaintiffs' Claims to the District of Arizona (ECF No. 7) filed by Defendant National Fire and Marine Insurance Company ("Defendant"). Plaintiffs North American Capacity Insurance Company and North American Specialty Insurance Company (collectively, "Plaintiffs") filed a Response (ECF No. 51) and Defendant filed a Reply (ECF No. 53). Also pending before the Court is Plaintiffs' Motion to Strike Portions of Defendant's Reply, or in the Alternative to File Sur-Reply. (ECF No. 54.) Defendant filed a Response (ECF No. 56) and Plaintiffs filed a Reply (ECF NO. 57).

## I. BACKGROUND

This case arises from a series of construction defect lawsuits filed in state court in both Nevada and Arizona.[1] (Am. Compl. ¶¶ 13-16, 23-26, 43-46, 54-57, ECF No. 60.) Both Plaintiffs and Defendant had previously issued insurance policies to entities ("Insured Entities")

[1] Originally Plaintiffs were seeking recovery related to five construction defect lawsuits. Subsequently, Plaintiffs and Defendant resolved their dispute over one of these underlying lawsuits. Accordingly, only four construction defect lawsuits remain at issue. (*See* Am. Compl. ¶¶ 11-61, ECF No. 60.) Of these four construction defect lawsuits, all have reached settlement. (Am. Compl. ¶¶ 20, 30, 50, 61, ECF No. 60.)

against which these construction defect lawsuits were eventually filed. (*Id.* at ¶¶ 11-12, 21-22, 41-42, 51-53.) Consistent with their obligations under their insurance policies, Plaintiffs agreed to defend and indemnify these entities. (*Id.* at ¶¶ 19, 29, 49, 60.) However, Defendant allegedly declined when the Insured Entities tendered their respective defenses. (*Id.* at ¶¶ 18, 28, 48, 59.)

In response to Defendant's alleged refusal to contribute to the payment of the defense costs and indemnification, Plaintiffs filed the instant action alleging four causes of action: (1) Equitable Contribution; (2) Equitable Subrogation; (3) Equitable Indemnity; (4) Declaratory Relief, seeking a declaration that Defendant had a duty to defend the underlying construction defect lawsuits; and (5) Declaratory Relief, seeking a declaration that Defendant had a duty to indemnify the Insured Entities. (Am. Compl. ¶¶ 62-91, ECF No. 60.)

## II. <u>MOTION TO DISMISS</u>

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Discussion**

***1. Equitable Contribution***

"Where multiple insurance carriers insure the same insured and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the defense or indemnification of the common insured." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 77 Cal. Rptr. 2d 296, 303 (Cal. Ct. App. 1998). In this case, Defendant has failed to provide any controlling authority that would require this Court to dismiss Plaintiffs' equitable contribution cause of action. Defendant does, however, correctly note that "Nevada has not addressed the duty of an insurer to contribute to

an insured's defense by another insurer,"[2] and has, thus, supported its arguments with California case law. (Mot. to Dismiss 7, n.1, ECF No. 7 (citing *Great Am. Ins. Co. of NY v. N. Am. Specialty Ins. Co.*, 542 F. Supp. 2d 1203, 1211-12 (D. Nev. 2008)).) Even to the extent this Court would be persuaded by California case law on this matter, the cases on which Defendant relies for this argument do not actually address the *pleading* standard for a claim for equitable contribution. *See Fireman's Fund Ins. Co.*, 77 Cal. Rptr. 2d at 299 (summary judgment); *Low v. Golden Eagle Ins. Co.*, 125 Cal. Rptr. 2d 155, 162 (Cal. Ct. App. 2002) (default judgment). Accordingly, the Court finds that Defendant has failed to persuade this Court that this cause of action should be dismissed.

***2. Equitable Subrogation***

"Equitable subrogation is a legal fiction, which permits a party who satisfies another's obligation to recover from the party 'primarily liable' for the extinguished obligation." *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002) (citation omitted). Here, in the absence of Nevada law on the subject, Defendant again relies on California law. Specifically, Defendant relies on *Fireman's Fund Insurance Co. v. Maryland Casualty Co.*, which stated the following eight "essential elements of an insurer's cause of action or equitable subrogation":

> (a) the insured suffered a loss for which the defendant is liable, either as the wrongdoer whose act or omission caused the loss or because the defendant is legally responsible to the insured for the loss caused by the wrongdoer; (b) the claimed loss was one for which the insurer was *not* primarily liable; (c) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable; (d) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer; (e) the insured has an existing, assignable cause of action against the defendant which the insured could have asserted for its own benefit had it not been compensated for its loss by the insurer; (f) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends; (g) justice requires that the loss be entirely shifted from the

---

[2] The Court agrees that Nevada courts have not provided controlling authority on the pleading standard for this and the remaining causes of action. As such, the Court reminds the parties that they are free to request certification on these questions to the Nevada Supreme Court. *See* Nev. R. App. P. 5.

> insurer to the defendant, whose equitable position is inferior to that of the insurer; and (h) the insurer's damages are in a liquidated sum, generally the amount paid to the insured.

*Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 302-03 (Cal. Ct. App. 1998). Defendant argues that Plaintiffs' Complaint should be dismissed because it lacks an allegation that Defendant is primarily liable for any amounts allegedly paid by Plaintiffs. Defendant further asserts that Plaintiffs' Complaint is inadequate because it fails to allege an exact sum of money that Plaintiffs paid.

The Court is not persuaded that Nevada courts would require a plaintiff to allege these eight elements in the way that Defendant argues. Even if the Court agreed that Nevada courts would require the same eight elements required by the California Court of Appeal in *Fireman's Fund Insurance Co.*, the Court finds that Plaintiffs' Complaint adequately pleads these elements. Specifically, Plaintiffs allege that Defendant also insured the named defendants in the underlying construction defect lawsuits and as such, was responsible for the costs associated with the underlying construction defect lawsuits. (Am. Compl. ¶¶ 69-71, ECF No. 60.) Plaintiffs further allege that the payments they made for settlement and defense of the underlying construction defect lawsuits were actually Defendant's responsibility, thus causing damage to Plaintiffs. (*Id.*)

For these reasons, the Court finds that Defendant has failed to carry its burden in establishing that Plaintiffs' Complaint fails to satisfy the pleading standard. Accordingly, the Court will not dismiss this cause of action.

***3. Equitable Indemnity***

"[E]quitable indemnity is a judicially-created construct to avoid unjust enrichment." *Medallion Dev. v. Converse Consultants*, 930 P.2d 115, 119 (Nev. 1997) *superseded by statute on other grounds as stated in Doctors Co. v. Vincent*, 98 P.3d 681, 688 (Nev. 2004). Equitable indemnity specifically involves "a complete shifting" from a party that paid "to the party

primarily responsible." *Id.*

Defendant argues that the Court should dismiss Plaintiffs' equitable indemnity cause of action because Plaintiffs failed to allege "that National Fire is 'primarily responsible' for the defense and indemnity payments purportedly made by Plaintiffs." (Mot. to Dismiss 9:20-21, ECF No. 7.) However, Plaintiffs' complaint alleges that Plaintiffs "paid amounts towards the reasonable settlement of the underlying lawsuits . . . that should have been paid by [Defendant]." (Am. Compl. ¶ 78, ECF No. 60.) Plaintiffs' complaint further alleges that Plaintiffs "are entitled, under principles of indemnity, to reimbursement of settlement payments in the underlying lawsuits . . . from [Defendant]." (*Id.* ¶ 79.) Defendant has failed to carry its burden in establishing that these allegations are insufficient to survive a motion to dismiss. Accordingly, the Court is not persuaded and will not dismiss this cause of action.

#### ***4. Declaratory Relief – Duty to Defend & Indemnify***

In Plaintiffs' fourth and fifth causes of action, they request a declaratory judgment that Defendant had a duty to defend and indemnify with respect to the underlying construction defect lawsuits. (Am. Compl. ¶¶ 80-91, ECF No. 60.) In its Motion to Dismiss, Defendant contends that these declaratory relief causes of action are moot because the underlying cases have settled.[3]

"The party asserting mootness carries a heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918-19 (9th Cir. 2003). Defendant has failed to carry this burden. Specifically, to support its argument that these causes of action are moot, Defendant merely states that "[b]ecause those actions have settled, Plaintiffs' claim for a declaration that [Defendant] owe [sic] a duty to defend in those

[3] In Defendant's Motion to Dismiss (ECF No. 7), Defendant asserts that four of the five underlying cases have settled. After the filing of the instant motion, the parties filed a stipulation (ECF No. 58), which the Court subsequently signed (ECF No. 59), that represented that the fifth underlying construction defect case had also settled. The stipulation further stated that the parties had reached an agreement on one of these underlying cases. Thus, the actual parties to the four underlying construction defect cases that serve as the factual basis for this case have reached settlement. (*See* ECF No. 59; Am. Compl., ECF No. 60.)

cases is now moot." This conclusory statement fails to persuade the Court that these declaratory judgment causes of action are devoid of a live controversy from which the Court could provide relief.

**III. MOTION TO SEVER AND TRANSFER**

Defendant also requests that the Court sever the case with respect to those claims that relate to the underlying construction defect litigation that took place in Arizona state court (the "AIMCO litigation") and transfer those claims to the United States District Court for the District of Arizona. (Mot. to Dismiss 11"21-13:6, ECF No. 7.) For the reasons discussed below, the Court declines to sever and transfer.

Title 28, section 1404 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under section 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). In determining whether to grant a motion to transfer venue pursuant to section 1404(a), a district court weighs multiple factors including, but not limited to,

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. The Ninth Circuit has also stated that "the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis." *Id.* at 499. Finally, the Ninth Circuit

has instructed that "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.*

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834; *see also Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003) (same) *cert. granted, judgment vacated*, 542 U.S. 952 (2004); *Creative Tech., Ltd. V. Aztech Sys Pte, Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995) (recognizing that there is "normally a strong presumption in favor of honoring the plaintiff's choice of forum). In this case, Defendant has failed to carry this burden. Although the AIMCO litigation took place in Arizona and the subject property of that litigation is located in Arizona, the dispute in the action before this Court relates to Defendant's alleged responsibility under its insurance policies to defend and indemnify the Insured Entities. In this way, the issues between the underlying construction defect lawsuits are actually substantially similar, regardless of the forum in which those underlying lawsuits took place. Specifically, the question of whether Defendant had a duty to defend and indemnify in those underlying construction defect lawsuits is a matter of contract interpretation. Adjudicating these issues in a single lawsuit supports the interest of judicial efficiency. Adjudicating such similar issues in separate districts unnecessarily wastes judicial resources. Furthermore, the Court is not convinced that the District of Arizona is a more convenient forum for witnesses. As discussed in the parties' briefs, the witnesses in this action are likely to be claims adjustors and the like, rather than individuals involved with the construction in Arizona.

For these reasons, the Court finds that Defendant has failed to carry its burden in convincing the Court that Plaintiffs' selection of this forum should be overturned. Therefore, the Court denies Defendant's Motion to Sever and Transfer.

/ / /

/ / /

## IV. MOTION TO STRIKE

### A. Legal Standard

Although Rule 12(f) of the Federal Rules of Civil Procedure provide authority only to strike pleadings or content therein, a district court has the inherent power to strike a party's submissions other than pleadings. *See, e.g.*, *Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988) (striking plaintiff's opposition because it was filed after the date set for responding to motions); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This alternative basis for striking improper filings derives from the district court's "inherent power over the administration of its business. Specifically, the district court has inherent authority to regulate the conduct of attorneys who appear before it [and] *to promulgate and enforce rules for the management of litigation* . . . ." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted) (emphasis added).

### B. Discussion

Plaintiffs argue that this Court should strike and, thus, not consider the arguments related to futility of amendment that Defendant only brought up in its Reply Brief. (Mot. to Strike 2:13-3:19, ECF No. 54.) Because the Court denies Defendant's Motion to Dismiss, the Court need not consider whether to grant leave for Plaintiffs to file an amended complaint. Accordingly, this portion of Plaintiffs' Motion to Strike is moot in light of the Court's decision denying Defendant's Motion to Dismiss.

Plaintiff also requests that this Court strike "Defendant's improper reference to mediation-privileged communications." (Mot. to Strike 3:24-4:6.) As discussed above, Defendant has failed to make the requisite "strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum." Accordingly, in light of the Court's denial of

Defendant's Motion to Sever and Transfer, this portion of Plaintiffs' Motion to Strike is also moot.

**V. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiffs' Complaint, or in the Alternative to Sever and Transfer Certain of Plaintiffs' Claims to the District of Arizona (ECF No. 7) filed by Defendant National Fire and Marine Insurance Company is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Strike Portions of Defendant's Reply to Response to Motion, or in the Alternative to File Sur-Reply (ECF No. 54) filed by Plaintiffs North American Capacity Insurance Company and North American Specialty Insurance Company is **DENIED as moot.**

**DATED** this 2nd day of April, 2013.

Gloria M. Navarro
United States District Judge